UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ACUITY, A MUTUAL INSURANCE COMPANY,**

    Plaintiff,

v.                                          Case No. 14-CV-1081

**SERVICES CONSTRUCTION, LLC,**

    Defendant.

---

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

---

This insurance contract dispute arises out of a Worker's Compensation and Business Liability insurance policy purchased by the defendant, Services Construction, LLC ("Services Construction") from the plaintiff, Acuity. (Compl. ¶ 6, Docket # 1.) Acuity alleges that Services Construction has failed to make premium payments in the amount of $117,620.96. (*Id.* ¶¶ 11-12.) Services Construction has moved to dismiss Acuity's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) on the grounds that the Court lacks personal jurisdiction over the defendant and the venue is improper. Alternatively, Services Construction argues that this case should be transferred to Kentucky for the convenience of the parties and the witnesses. (Def.'s Mot. to Dismiss, Def.'s Reply Br., Dockets # 8, # 14.)

As an initial matter, Services Construction filed its motion without a supporting brief articulating the basis for its motion or a certificate stating that no memorandum or other supporting papers would be filed. This violates Civil L.R. 7(d) and is a sufficient basis to deny its motion, especially as Services Construction offers no explanation for its failure to

comply with the local rule. However, as Acuity has fully put forth its position on the motion and Services Construction has replied, I will not dismiss the motion as a sanction and will decide the issue on the merits. For the reasons stated below, Services Construction's motion to dismiss for lack of personal jurisdiction is granted.

## BACKGROUND

Acuity is a domestic insurance company incorporated under the laws of Wisconsin, with its principal place of business located in Wisconsin. (Compl. ¶ 1.) Services Construction is a limited liability company whose sole member, Eduardo Rodriguez, is a citizen of Kentucky. (Compl. ¶ 2.) Services Construction contacted a local insurance agency in Lexington, Kentucky, to obtain business and worker's compensation insurance coverage. (Affidavit of Osvaldo Livio ("Livio Aff.") ¶ 5, Docket # 14-1.) The Kentucky insurance agency submitted Services Construction's application for insurance to Acuity in Wisconsin. (Affidavit of Ann Schermetzler ("Schermetzler Aff.") ¶ 7, Docket # 12.) The insurance contract was issued to Services Construction from Wisconsin (*id.* ¶ 10) but was executed in Kentucky (Livio Aff. ¶ 9). Services Construction was directly billed for its premium by Acuity in Wisconsin (Schermetzler Aff. ¶ 12), but Services Construction paid the premiums at its local insurance agent's office in Kentucky (Livio Aff. ¶ 8).

Acuity states that claims made under the policy were reported to Acuity in Wisconsin and Acuity investigated and adjusted the claims in Wisconsin. (Schermetzler Aff. ¶ 15.) Acuity further states that it processed and made payments for claims under the policy in Wisconsin. (*Id.* ¶ 16.) Acuity avers that its employees with personal knowledge of and records material to the dispute are all located in Wisconsin. (Schermetzler Aff. ¶ 23.)

Services Construction states that it only conducts business in Kentucky and all of its witnesses are located in Kentucky. (Livio Aff. ¶¶ 11, 13.)

## ANALYSIS

In its motion to dismiss, Services Construction argues that this Court lacks personal jurisdiction over it because it does not have sufficient contacts with Wisconsin. Alternatively, the defendant seeks an order dismissing the case based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and transferring venue to Kentucky.

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the party asserting jurisdiction to make a *prima facie* showing supporting that assertion. *Hyatt International Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In deciding the dismissal motion, the court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiff's favor all disputes concerning relevant facts presented in the record. *Purdue Research Foundation v. Sanofi–Synthelabo, S .A.*, 338 F.3d 773, 782 (7th Cir. 2003).

In diversity cases, a federal district court has personal jurisdiction over a party if a court of the state in which it sits would have such jurisdiction. *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 279 (7th Cir. 1990). In Wisconsin, this is a two-step inquiry. First, the court must determine whether the defendant falls within the grasp of Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Logan Products, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). The Wisconsin Supreme Court has determined that the long-arm statute "is to be liberally construed in favor of the exercise of jurisdiction." *Federated Rural Electric Insurance Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 391 (7th Cir. 1994) (citing *Schroeder v. Raich*, 89 Wis. 2d 588, 593, 278 N .W.2d 871 (1979)).

Second, if the statutory requirements are satisfied, then the court must consider whether the exercise of jurisdiction over the defendant comports with the due process requirements of the Fourteenth Amendment of the United States Constitution. *Logan Products*, 103 F.3d at 52. There are three essential requirements in this analysis: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); (2) the alleged injury must have arisen from the defendant's forum-related activities, *id.*; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The crucial inquiry is whether a defendant's contacts with the state are such that it should reasonably anticipate being haled into court. *International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002).

Wisconsin's long-arm statute enumerates several different grounds for personal jurisdiction. In this case, Acuity contends that this Court has personal jurisdiction over the defendant under Wis. Stat. § 801.05(5)(a) and (5)(b). Section 801.05(5)(a) provides that the court has personal jurisdiction where the action "[a]rises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff." Section 801.05(5)(b), in turn, provides that the court has personal jurisdiction where the action "[a]rises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant."

Acuity argues that personal jurisdiction over Services Construction exists under Wis. Stat. § 801.05(5) because Acuity performed services under the insurance contract in Wisconsin, namely reviewing and accepting the application for insurance; directly billing for premiums; investigating and adjusting claims; and paying claims under the policy. (Pl.'s Br. at 7, Docket # 11.) Acuity further argues that Services Construction sent several premium payments to Wisconsin and directly corresponded with Acuity in Wisconsin. (*Id.*) Services Construction argues that the Seventh Circuit's decision in *Federated Rural Electric Insurance Corp. v. Inland Power & Light Co.*, 18 F.3d 389 (7th Cir. 1994) is directly on point and held that no personal jurisdiction existed in a factually similar situation. I agree with Services Construction.

In *Federated*, a Wisconsin insurer issued a policy of insurance to a company located in the Pacific Northwest. 18 F.3d at 390. The Wisconsin insurer filed suit against the company in the Western District of Wisconsin alleging fraud and misrepresentation. *Id.* at 391. The defendant moved to dismiss for lack of personal jurisdiction, and the district court granted the motion. *Id.* In upholding the district court's finding, the Seventh Circuit analyzed the Wisconsin insurer's claim that personal jurisdiction existed over the defendant under Wis. Stat. § 801.05(5). The court initially questioned whether the Wisconsin insurer's acts of processing the defendant's policies and claims under the policies in its Wisconsin offices even constituted "services" as contemplated by the insurance contracts. *Id.* at 393-94. The court noted that the service an insurer provides is liability and defense coverage. *Id.* at 394. Thus, because the defendant in *Federated* only engaged in business in the Pacific Northwest, the Wisconsin insurer was performing its "services" in the Pacific Northwest, not in its home office in Wisconsin. *Id.*

The *Federated* court also noted that the defendant conducted the bulk of its negotiations with the Wisconsin insurer through the insurer's agent in the Pacific Northwest. *Id.* The court also considered the fact that none of the defendant's officers, except one, ever set foot in Wisconsin in connection with the insurance policies issued by the Wisconsin insurer. *Id.*

Here, there is no meaningful distinction between the facts in *Federated* and the facts of this case. The only connection Acuity argues between Services Construction and Wisconsin involves the issuance of the policy, payment of premiums, and payment of claims under the policy. The *Federated* court questioned whether these acts even constituted "services" under the policy. Like the *Federated* defendant, Services Construction conducts all of its business outside of Wisconsin—namely in Kentucky. (Osvaldo Aff. ¶¶ 3, 11-12.) Thus, the "service" Acuity provides, i.e., providing worker's compensation and business liability coverage, occurs where the defendant is doing business, in Kentucky. Services Construction conducted the bulk of its negotiations concerning the policies with its local insurance agent in Kentucky. (*Id.* ¶ 7.) Acuity does not dispute that Services Construction's application for insurance was submitted by the Kentucky insurance agent. (Schermetzler Aff. ¶ 7.) Finally, no member of Services Construction traveled to Wisconsin in connection with the insurance policies issued by Acuity. (Osvaldo Aff. ¶ 4.) Therefore, the Seventh Circuit's holding in *Federated* dictates a finding of no personal jurisdiction in this case. *See also Capitol Indemnity Corp. v. Certain Lloyds Underwriters and/or London Companies*, 487 F. Supp. 1115, 1121 (W.D. Wis. 1980) ("One who merely purchases insurance from an insurer residing in the forum state does not, by the purchase through an intermediary, subject himself to the jurisdiction of the courts of the insurer's state.").

Even if the requirements of Wis. Stat. § 801.05(5) were met, I conclude that exercising jurisdiction would violate due process. Acuity argues that Services Construction established minimum contacts with Wisconsin by submitting its application of insurance to Wisconsin, sending payments to Wisconsin, making claims under the policy, having claims paid under the policy, and sending a written correspondence regarding the policy to Wisconsin. (Docket # 11 at 10.) Once again, the *Federated* court rejected similar arguments, stating that "making telephone calls and mailing payments into the forum state are insufficient bases for jurisdiction . . . [a]dditionally, the purchase of goods or insurance from the forum state alone is an insufficient foundation upon which to assert personal jurisdiction." 18 F.3d at 395.

Although both Acuity and Services Construction assert inconvenience because their witnesses and records are located in Wisconsin and Kentucky, respectively (Schermetzler Aff. ¶ 23; Osvaldo Aff. ¶¶ 13-15), the convenience of the parties weighs in favor of declining to assert jurisdiction. Unlike Acuity, Services Construction avers that it only conducts business in Kentucky. (Osvaldo Aff. ¶ 11.) The insurance agent with whom Services Construction worked to obtain coverage is located in Kentucky. (*Id.* ¶¶ 5-7.) Services Construction further avers that it paid its premiums at the local insurance agent's office in Kentucky. (*Id.* ¶ 8.) For these reasons, I conclude that I cannot constitutionally exercise personal jurisdiction over the defendant. Because I am granting the defendant's motion to dismiss for lack of personal jurisdiction, I need not consider the defendant's alternative motion to dismiss for improper venue or to transfer venue.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction (Docket # 8) is **GRANTED** and defendant's alternative motion to dismiss for improper venue or to transfer venue (Docket # 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 18th day of December, 2014.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge